{56} I respectfully dissent from the majority's opinion that appellant failed to preserve his objection to the evidence concerning restriction to his Arizona license. I believe it is clear from the statement of appellant's counsel that he intends to preserve the objection and did not mean to waive it.
{57} This is further demonstrated by appellant's counsel's renewal of the motion and request for mistrial at the close of all the evidence prior to closing arguments.
{58} "One more motion at the close of all the evidence. I do make a motion for the defense for a mistrial on the reason that we got into on cross examination the reference to the lawsuit filed in Ohio about a Youngstown patient despite the Court's previous ruling in writing that lawsuits would not be gone into. I think we went too far afield. We got into the Arizona licensing issues over my objection, and then we got as far as lawsuits filed, and I was making reference only to his status with the Ohio Boards since Mr. Weinberger was asked — allowed to inquire about the statue with the Arizona Board."
{59} I believe we should address Assignment of Error II. In reviewing this assignment, I would find it was error to admit the evidence of a provisional and pending ruling of the Arizona State Medical Board's restrictions on Dr. Colla's license. As a result of that decision, I would find that it was error to address a previous lawsuit in Mahoning County. (Assignment of Error III) I would find such evidence to be irrelevant.
{60} As a result of the sustaining of these two assignments of error, I would find the disputed evidence cast a veil of undue prejudice on Dr. Colla and I would reverse and remand for new trial.